# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| TARA BAKER,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>C. R. BARD, INC. AND BARD<br>PERIPHERAL VASCULAR, INC.,<br><br>　　　　　Defendants. | Case No. 2:21-cv-00334-DAD-BAM |

## JOINT MOTION TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES

Pursuant to Federal Rule of Civil Procedure 26(c) and (d), Plaintiffs in the above-titled action and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. (collectively, "Bard") (Plaintiffs and Bard are collectively referred to herein as "the Parties"), respectfully request that this Court temporarily stay discovery and all pretrial deadlines in this case for 90 days after entry of the [Proposed] Order while the Parties finalize settlement terms. In support of this Motion, the Parties state as follows:

1. This case was originally filed in In re: Bard IVC Filters Products Liability Litigation, MDL 2641 (the "MDL"). The case was subsequently remanded to this District and assigned to this Court. [Doc. 5].

Plaintiffs' counsel has approximately 900 Bard IVC filter cases, including this case, pending in federal courts across the country, that are settled in principle or in the process of being reviewed for settlement by Bard's settlement counsel. The Parties are continuing to work diligently to conclude this global settlement. In this case, the Parties have reached a settlement in principle. The Parties believe that a stay is necessary to conserve their

1

resources and attention so that they may attempt to resolve this case.

2. Thus, the Parties jointly move this Court to enter a stay of all discovery and pretrial deadlines in this case for a period of ninety (90) days.

A district court has broad discretion to stay proceedings as incidental to its power to control its own docket – particularly where, as here, a stay would promote judicial economy and efficiency. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998); *accord Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Engineers, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Burns v. EGS Fin. Care, Inc.*, No. 4:15-CV-06173-DGK, 2016 WL 7535365 at *1 (W.D. Mo. Apr. 12, 2016); *see also Cook v. Kartridg Pak Co.*, 840 F.2d 602, 604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance of the orderly administration of justice."); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (district courts possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants.").

3. Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope of discovery or control its sequence, upon a showing of good cause and reasonableness. *Britton*, 523 U.S. at 598. Although settlement negotiations do not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to the cutoff date. *See Sofo v. Pan-American Life Ins. Co.*, 13 F.3d 239, 242 (7th Cir. 1994); *Wichita Falls Office Assocs. V. Banc One Corp.*, 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial judge's decision to curtail discovery is granted great deference," and noting that the discovery had been pushed back a number of times because of pending settlement negotiations). Facilitating the Parties' efforts to resolve their dispute entirely through the

finalization of settlement terms, where a settlement in principle already has been reached, is reasonable and constitutes good cause for granting the requested short-term stay of discovery.

The Parties agree that the relief sought herein is necessary to handle the case in the most economical fashion, yet allow sufficient time to schedule and complete discovery if necessary. The relief sought in this Motion is not being requested for delay, but so that justice may be done. Further, because the Parties are making this motion prior to the initial Case Management Conference, there are not any current deadlines that would be unduly delayed by the Parties requested relief.

**WHEREFORE**, The Parties jointly request that discovery and all pretrial deadlines be stayed for 90 days after entry of the [Proposed] Order to allow the Parties to finalize settlement terms.

Dated: May 12, 2021                     Respectfully submitted,

*/s/ Eric Policastro*  
Eric Policastro (SBN 264605)  
epolicastro@fnlawfirm.com  
FEARS NACHAWATI, PLLC  
5473 Blair Road  
Dallas, TX 75231  
Tel. (214) 890-0711  
Fax (214) 890-0712  

*Counsel for Plaintiffs*

*/s/ Shawtina F. Lewis*  
Shawtina F. Lewis (SBN 259255)  
shawtina.lewis@nelsonmullins.com  
NELSON MULLINS RILEY &  
SCARBOROUGH LLP  
19191 South Vermont Avenue,  
Suite 900  
Torrance, CA 90502  
Telephone: 424.221.7400  
Facsimile: 424.221.7499  

*Counsel for Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 12, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

                 */s/ Eric Policastro*
                  Eric Policastro

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA
# SACRAMENTO DIVISION

| | |
|---|---|
| TARA BAKER, <br><br> Plaintiffs, <br> v. <br><br> C.R. BARD, INC., AND BARD PERIPHERAL VASCULAR, INC., <br><br> Defendants. | Case No. 2:21-cv-00334-DAD-BAM |

## ORDER

Upon consideration of the Parties' Joint Motion to Stay Proceedings, and upon good cause shown, it is hereby ORDERED that the Motion is GRANTED, and that discovery and all pretrial deadlines in this matter are STAYED for ninety (90) days while the parties finalize settlement terms. The Scheduling Conference currently set for June 8, 2021, is CONTINUED to **September 9, 2021, at 9:00 AM in Courtroom 8 (BAM) before Magistrate Judge Barbara A. McAuliffe**. At least one (1) week prior to the conference, the parties shall file a Joint Scheduling Report. The parties shall appear at the conference remotely either via Zoom video conference or Zoom telephone number. The parties will be provided with the Zoom ID and password by the Courtroom Deputy prior to the conference. The Zoom ID number and password are confidential and are not to be shared. Appropriate court attire required. If the parties file a notice of settlement prior to the conference, then the conference will be vacated.

IT IS SO ORDERED.

Dated: __May 19, 2021__         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE